Auto Acceptance & Loan Corporation, Appellant, v. Kelm and another, Respondents.

*October 31—November 27, 1962.*

180

For the appellant there was a brief and oral argument by *H. J. Sanville* of Milwaukee.

For the respondents there was a brief and oral argument by *Ralph H. Schultz* of Milwaukee.

WILKIE, J. The most-important single fact in this case is that when the defendants leased the premises to the tenant as a "tavern" it contained a "bar." From this it is easy to conclude that there was an intention on the part of the tenant and landlord to make the new bar part of the realty and to leave it as part of the premises. When the tenant, who had been utilizing the premises for a period of four years, substituted a new fixture and discarded the old fixture, which he did not initially own, it is reasonable to conclude that he intended that the new fixture was to be substituted for the old fixture and to become the property of the owner of the old fixture. In relationship to this problem of substituted fixtures, 36A C. J. S., Fixtures, p. 690, sec. 38, states:

"*Substituted fixtures.* A fixture substituted by the tenant for another fixture, which was on the premises at the time of the making of the lease, cannot ordinarily be removed by him, if the original fixture has been injured or permanently removed, since the effect of the removal of the substituted fixture would be to leave the premises in worse condition than when he took the lease."

The respondents leased a tavern with a bar. If the appellant were to be allowed to remove the bar then the landlords would get back a tavern without a bar, or in other words, premises which could be used as a tavern, but the primary chattel necessary, *i.e.,* a bar, would have to be installed.

On the question of the intention of the parties the great weight of the evidence supports the conclusion that the par-

ties intended the bar to be part of the realty and to stay there as a "fixture" and as part of the property of the landlords.

The trial court concluded that the bar was a "fixture" rather than a "trade fixture," and should continue as part of the realty, presumably because the "bar" met the three tests for determining whether fixtures remain personal property or are to be considered as part of the realty. The tests, as set forth in *Standard Oil Co. v. La Crosse Super Auto Service* (1935), 217 Wis. 237, 258 N. W. 791, at page 241, are as follows: (1) Actual physical annexation to the real estate; (2) application or adaptation to the use or purpose to which the realty is devoted; and (3) an intention on the part of the person making annexation to make a permanent accession to the freehold. We concur.

In deciding that under the circumstances the bar in question was a "fixture" and became a part of the realty and the property of the landlords, we do not depart in the least from our more-liberal rule on the right of a tenant to retain ownership of and the right to remove "trade fixtures." This rule has been stated in many cases.[1]

Under this more-liberal rule a tenant who brings upon realty a chattel, the purpose of which is to further the tenant's trade or business, will be allowed to remove that chattel at the expiration of his lease, provided that the removal will not constitute material injury to the premises. Even under the more-liberal rule applicable to trade fixtures we have held nevertheless that the parties' intent at the time of annexation is the main test in determining whether a trade fixture can be removed at the expiration of the lease. *Standard Oil Co. Case, supra,* at pages 241–244; *Shields v. Hansen* (1930), 201 Wis. 349, 230 N. W.

[1] *Old Line Life Ins. Co. v. Hawn* (1937), 225 Wis. 627, 631, 275 N. W. 542; *Standard Oil Co. v. La Crosse Super Auto Service, supra; Shields v. Hansen* (1930), 201 Wis. 349, 230 N. W. 51.

51, at page 352; *Old Line Life Ins. Co. v. Hawn* (1937), 225 Wis. 627, 275 N. W. 542, at page 632.

We conclude that even if the bar was a "trade fixture" under the circumstances of this case, the parties intended it to remain as part of the realty and hence the plaintiff could not remove it.

*By the Court.*—Judgment affirmed.